F. M. ROURKE, Appellant, v. P. Q. PETERSON, Appellee.

SPECIFIC PERFORMANCE: Contracts Enforcible—Plaintiff Without Title. Specific performance may well be denied to a plaintiff who demonstrates that he is unable to perform, himself, unless he can secure the funds which would come to him in case defendant were ordered to perform.

*Appeal from Dickinson District Court.*—JAMES DELAND,
Judge.

DECEMBER 15, 1919.

SUIT in equity for the specific performance of a contract to purchase realty. Plaintiff's petition was dismissed, and judgment entered against him for costs, and he appeals. —*Affirmed.*

*Francis & Owen* and *Cosson & Francis,* for appellant.

*H. E. Narey,* and *Heald & Cook,* for appellee.

STEVENS, J.—On August 3, 1916, plaintiff and defendant entered into a contract in writing, by the terms of which plaintiff agreed to sell, and defendant agreed to purchase, the southwest quarter of Section 6, Township 133, Range 54, Ransom County, North Dakota, for a consideration of $6,080, to be paid as follows: $500 on the execution of the contract, receipt of which was acknowledged therein; $280 on March 1, 1916; $1,000 on November 1, 1916; $500 on the first day of March, 1917; and the balance of $3,800 on August 3, 1921. The contract provided that, if title to the land should not be perfected in plaintiff within 90 days, then the same would be void. The contract was executed in duplicate at Lisbon, North Dakota, one copy of which was handed to the defendant, but immediately returned to plaintiff because defendant was unable to make the $500 payment, for which the contract acknowledged receipt. No part of the $500 was ever paid by the defendant, although plaintiff's agent, who resided at Des Moines, and who accompanied defendant to Dakota, made demand therefor at different times upon their return home. Upon the trial, plaintiff tendered a deed, signed by himself and wife, conveying the land to defendant, together with an abstract, showing the record title in another person, presumptively William Hogan of Dakota County, Nebraska, with whom

plaintiff had an optional contract for the purchase of the land. The option contract is dated March 6, 1916, and recites a consideration of $1.00, and further provides that, upon the payment of $1,000 in cash, and the balance upon terms to suit the purchaser, conveyance would be made to him. The option was for a term of six months. Plaintiff, however, testified that he paid Hogan $50 to extend the option, and $200 upon the purchase price. He also testified that a deed from Hogan conveying the land to him was on deposit in the Citizens Bank of Lisbon, at Lisbon, North Dakota, together with a mortgage for $3,800, signed by plaintiff and wife, payable August 3, 1921. The record further discloses that plaintiff is unable to obtain title to the land until the balance of the $1,000 has been paid at the Dakota bank.

The defendant, in answer to plaintiff's petition, alleged that he was induced to sign the contract by certain false and fraudulent representations of plaintiff as to the character of the soil and the distance of the land from Lisbon.

At the conclusion of plaintiff's testimony, the defendant moved the court to dismiss the petition, upon the grounds that the contract was never consummated by delivery, and that plaintiff was unable to perform his part of the contract. The court sustained the motion particularly upon the ground that it would be inequitable to grant specific performance. The deed from Hogan to plaintiff was in North Dakota, and plaintiff could get possession thereof only by consummation of the option contract with him.

It is true, as contended by counsel for appellant, that the court could not arbitrarily refuse to decree specific performance, and that, in the absence of some showing that to do so would be inequitable, the court should, in the exercise of a sound legal discretion, grant the prayer of the petition. *Western Securities Co. v. Atlee,* 168 Iowa 650. A court of equity may, however, well refuse to grant specific perform-

ance of a contract in aid of a plaintiff who requires the benefits thereof to enable him to perform the contract on his part. The contract was wanting in mutuality. Plaintiff did not have the legal title at the time of the trial, and, while he exhibited a deed from himself and wife, conveying the property to the defendant, subject to a mortgage for $3,800, and at the same time declared his willingness to complete the transaction, as soon as enabled by a decree of specific performance to do so, and upon terms prescribed by the court, we are not persuaded that the court below abused its discretion by dismissing the petition. Under the facts disclosed, it would have been inequitable for it to have done otherwise. The judgment of the court below is, therefore,—*Affirmed.*

LADD, C. J., WEAVER and GAYNOR, JJ., concur.